```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

THERESA E. GILLETTE,         :  Civil No. 13-3191 (JEI/AMD)
                                  :
          Plaintiff,    :
                                  :      **OPINION**
         v.               :
                                  :
TOYOTA MOTOR SALES, U.S.A, INC.,:
                                  :
         Defendant.    :

**APPEARANCES:**

LEWIS G. ADLER, ESQ.
26 Newton Avenue
Woodbury, New Jersey 08096

and

LAW OFFICE OF PAUL DEPETRIS
By: Paul DePetris, Esq.
703 Stokes Road, Suite 9
Medford, New Jersey 08055

and

LAW OFFICE OF RONALD E. NORMAN, LLC
By:  Ronald E. Norman, Esq.
Washington Professional Campus II
901 Route 168, Suite 407 A
Turnersville, New Jersey 08012
              Counsel for Plaintiff


MORGAN, LEWIS & BOCKIUS LLP
By:  J. Gordon Cooney, Jr., Esq.
     Kristofor T. Henning, Esq.
     Christopher Iannicelli, Esq.
1701 Market Street
Philadelphia, Pennsylvania 19103
              Counsel for Defendant

**IRENAS,** Senior United States District Judge:

Plaintiff Theresa Gillette, brings this putative class action lawsuit asserting one violation of New Jersey's Truth in Contract Consumer Warranty and Notice Act, N.J.S.A. 56:8-1, et seq. ("TCCWNA").[1]  Defendant Toyota Motor Sales, U.S.A., Inc., moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  The Complaint fails to state a claim for violation of the TCCWNA, therefore the Motion will be granted.

**I.**

The Complaint alleges the following facts.

On September 12, 2008, Gillette purchased a 2009 Toyota Camry from a Toyota-Scion dealership in Cherry Hill, New Jersey. In connection with the purchase, "[Toyota], through the dealer, provided [Gillette]," (Compl. ¶ 24) with the following notice:

> IMPORTANT: IF THIS VEHICLE IS DEFECTIVE, YOU MAY BE ENTITLED UNDER NEW JERSEY LAW TO A REFUND OF THE PURCHASE PRICE OR YOUR LEASE PAYMENTS.  FOR COMPLETE INFORMATION REGARDING YOUR RIGHTS AND REMEDIES UNDER THE RELEVANT LAW, CONTACT THE NEW JERSEY DEPARTMENT OF LAW AND PUBLIC SAEFTY, DIVISION OF CONSUMER AFFAIRS, LEMON LAW UNIT, AT POST OFFICE BOX 45026, 124 HALSEY STREET, NEWARK, NEW JERSEY 07102, TEL. NO. (973)504-6226.
>
> To seek remedies under the Lemon Law, you must first:

---

[1]  The Court exercises diversity of citizenship subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d), the "Class Action Fairness Act."

2

(1) Notify Toyota at the address below, by certified mail, of the problem with your vehicle; and

(2) Provide Toyota with an opportunity to repair it.

. . .

```
         TOYOTA CUSTOMER EXPERIENCE CENTER
         TOYOTA MOTOR SALES, U.S.A., INC.
                    P.O. BOX 2991
               TORRANCE, CA 90509-2991
                    (800) 331-4331
```

(Compl. Ex. A)

Such notice is required by New Jersey's Lemon Law, which states:

> At the time of purchase in the State of New Jersey, the manufacturer . . . shall provide directly to the consumer a written statement prescribed by the [Director of the Division of Consumer Affairs], presented in a conspicuous and understandable manner on a separate piece of paper and printed in both English and Spanish languages, which provides information concerning a consumer's rights and remedies under [the Lemon Law], and shall include . . . a summary of the provisions of . . . (1) [N.J.S.A.] 56:12-31 . . . .

N.J.S.A. 56:12-34(a).

N.J.S.A. 56:12-31, in turn provides, in relevant part,

> If a consumer reports a nonconformity in a motor vehicle to the manufacturer . . . during the first 24,000 miles of operation or during the period of two years following the date of original delivery to the consumer, whichever is earlier, the manufacturer . . . shall make, or arrange with its dealer or distributor to make, within a reasonable time all repairs necessary to correct the nonconformity.

The Complaint does not allege that Gillette has experienced any problems with her Toyota Camry. Nor does the Complaint allege that Gillette even read the above-quoted notice.

More than four years after Gillette received the notice, she filed the instant suit. She claims the notice violates the TCCNWA insofar as the notice allegedly misstates New Jersey's Lemon Law because it states that the consumer must "notify" Toyota "by certified mail," of the problem with the car. For this asserted violation, Gillette seeks the statutory civil penalty of $100, reasonable attorney's fees and court costs. (Compl. ¶ 61)

**II.**

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2). While a court must accept as true all factual allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form

4

of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.

As previously stated, the Complaint asserts a violation of the TCCWNA. The statute provides, in relevant part,

> No seller . . . shall in the course of his business . . . give . . . any written consumer warranty, notice or sign . . . which includes any provision that violates any clearly established right of a consumer or responsibility of a seller . . . as established by State or Federal law at the time . . . the warranty, notice or sign is given or displayed.

N.J.S.A. 56:12-15.

Gillette contends that the notice she received erroneously adds an additional prerequisite to pursuing Lemon Law remedies, namely that she must notify Toyota by certified mail of the problem with her car. She contends that neither the Lemon Law, nor the relevant state regulations, require that a consumer notify the manufacturer by certified mail, and therefore the

5

notice violates her "clearly established right" under the Lemon Law, in violation of the TCCWNA.

Gillette's argument fails. The Lemon Law states that a consumer must "report" a nonconformity before a manufacturer's statutory obligation to fix the problem is triggered. N.J.S.A. 56:12-31. A simple and reliable way to "report" a problem to Toyota is to send a letter via certified mail.

Moreover, sending a letter via certified mail is exactly what the New Jersey Division of Consumer Affairs advises consumers to do before filing an administrative claim under the Lemon Law. Page one of the Division's "Motor Vehicle Lemon Law" brochure reads:

> **What must I do before I submit a Lemon Law application [to the Division of Consumer Affairs]?**
>
> Before you can file a claim under the Lemon Law, you must give the manufacturer one final opportunity to repair the defect. A letter to the manufacturer (not the dealer) must be sent via certified mail, return receipt requested, stating that you may have a claim and that you are giving the manufacturer one last chance to repair the defect. See page 8 for a sample letter that we strongly recommend that you use.

New Jersey Division of Consumer Affairs, "New Jersey Motor Vehicle Lemon Law: Your Road to Relief," available at www.NJConsumerAffairs.gov/ocp/lemonlaw.htm (last visited November 7, 2013)(bold in original).

While it is true that the statute does not require written notice by certified mail prior to filing a complaint in Superior Court (as opposed to an administrative claim), *see DiVigenze v. Chrysler Corp.*, 345 N.J. Super. 314 (App. Div. 2001) (holding that the administrative regulation requiring prior notice via certified mail only applies to administrative claims, not Superior Court actions), the notice does not violate Gillette's clearly established right by failing to make this distinction.

Advising a manufacturer of nonconformities via certified mail opens all of a consumer's avenues to relief. It gives the consumer the opportunity to take advantage of the administrative process while doing nothing to impair a consumer's option to file a suit in Superior Court instead. Indeed, the *DiVigenze* court expressly stated, "[w]hile we find no bar to plaintiff's [Superior Court] suit, we nevertheless assume that in most cases, as a matter of sound practice, it will behoove a consumer contemplating a potential Lemon Law claim to send the last chance letter and allow the manufacturer a final opportunity to repair any nonconformity." 345 N.J. Super. at 329 n.9.

The notice does not violate Gillette's clearly established rights under the Lemon Law, therefore her TCCWNA claim fails as a matter of law.

## IV.

For the foregoing reasons, Toyota's Motion to Dismiss will be granted. An appropriate Order accompanies this Opinion.

November 7, 2013                              __s/ Joseph E. Irenas_____
                                              Joseph E. Irenas, S.U.S.D.J.